ZINO *vs.* VERDELLE.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

An attorney in fact, who sues in his principal's name, to recover a debt due
and owing to him, is a competent witness to prove the plaintiff's demand.

Where the principal sues for the price of goods sold and delivered by his
agent or attorney in fact, and thereby ratifies the sale, it is quite
immaterial whether the agent had any authority to sell originally or not.

This is an action to recover from the defendant the sum of
six hundred and one dollars and seventy-two cents, for mer-
chandise sold by the plaintiff to the defendant.    The petition
states "that Jacques Zino is a resident of New-Orleans, and
necessarily absent from the state, but represented therein by
Pierre Escalon, his attorney in fact," and that the defendant
" is indebted to him for goods, wares and merchandise, sold
and delivered to him by the petitioner, through his agent, as
above stated," &c.

The defendant denies that he is indebted to the plaintiff
in any sum.    2d, He denies the power of attorney to Escalon.
3d, He denies that Escalon sold and delivered the goods on
account of Zino, and pleads the prescription of one year.

On the trial the plaintiff having introduced the power of
attorney referred to in the petition, offered Escalon as a
witness to prove his demand.    The defendant objected to his
admission, on the ground that the power of attorney does not
contain the authority to the agent to sell. The court sustained
the objection, and the plaintiff excepted.

The court then instructed the jury, that as the plaintiff had
failed to prove his demand, their verdict must be for the
defendant.    From this verdict and judgment thereon, the
plaintiff appealed.

D. and *J. Seghers*, for the plaintiff and appellant.

1. The agent was a competent and sufficient witness to prove the sale and delivery of the goods; for the power to administer goods and merchandise, implies the power of selling them. The procuration was, therefore, sufficient, to all intents and purposes.

2. The plaintiff by his petition, approves and ratifies the act of the agent. This alone is sufficient. 7 *Martin, N. S.* 592.

*Canon*, contra.

*Bullard, J.*, delivered the opinion of the court.

This suit was instituted by Jacques Zino, now absent from the state, but, as is stated in the petition, represented by Pierre Escalon, his attorney in fact, to recover of the defendant the price of certain goods, wares and merchandise, which he alleges he had sold to the latter through his aforesaid agent, together with the hire of certain slaves. The defendant, in his answer, denies that he is indebted to Zino; he denies the powers of Escalon to sell as agent, and that the latter sold him any thing as Zino's agent. He further, pleads prescription.

In the progress of the trial, the plaintiff produced a power of attorney, passed before a notary, by which Escalon was constituted the agent of Zino, during his absence, with authority to manage, conduct and administer his property and affairs of every kind in the State of Louisiana : to claim and receive all kinds of property and sums of money; to give acquittances and receipts; to settle all accounts, and to sue, compromise, &c. Pierre Escalon, the agent, was then offered as a witness to prove the plaintiff's demand. His admission was opposed on the ground that the power of attorney does not contain the authority to sell. That objection being sustained by the court, the plaintiff's counsel took a bill of exceptions. The competency of the agent to testify for his principal, is too well settled to require any reference to authorities, and indeed the principle is not contested by the counsel for the defendant. And the objection to Escalon is, not that he was the attorney in fact of the plaintiff, but that he had no power to

An attorney in fact, who sues in his principal's name, to recover a debt due and owing to him, is a competent witness to prove the plaintiff's demand.

sell, as is alleged in the petition.   We think the court erred in sustaining the objection to the witness.   No exception was made to the manner in which the suit is brought, and we are bound to consider it as if the petition had been signed by Zino himself.   He sues for the price of certain merchandise sold by his agent, and thereby necessarily adopts and ratifies the sale, and it becomes quite immaterial whether the agent had any authority, originally, to sell or not.

As the case must be remanded, it is not necessary to consider the plea of prescription.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be reversed, and the verdict set aside; and it is further ordered, that the case be remanded for a new trial, with directions to the judge not to reject Pierre Escalon, as a witness, on the ground stated in the bill of exceptions, and that the appellee pay the costs of the appeal.

EASTERN DIST.
*January*, 1836.

Where the principal sues for the price of goods sold and delivered by his agent or attorney in fact, and thereby ratifies the sale, it is quite immaterial whether the agent had any authority to sell originally or not.