## No. 2538

### Second Circuit

———

## GOLDMAN v. SUGAR BROTHERS CO., LTD., ET AL.

———

(May 22, 1928.   Opinion and Decree.)

———

*(Syllabus by the Editor)*

1. **Louisiana Digest—Marriage—Par. 158, 159.**

Under Art. 2402 of the Civil Code property purchased during the existence of the community is presumed to be community property and the wife asserting the ownership as against the creditor bears the burden of pleading and proof to show that the property was purchased with her separate funds and that she had separate property to pay the credit portion of the purchase price.

2. **Louisiana Digest—Marriage—Par. 158, 159.**

Where the evidence does not show that property purchased in the name of "Mrs. Goldman and husband, G. H. Goldman, who joins and authorizes his wife herein," was purchased with separate funds of Mrs. Goldman, the property is community property.

3. **Louisiana Digest—Attorneys—Par. 70; Injunction—Par. 93, 97.**

Where there is no evidence of attorney's fees nor of the amount of judgment, execution of which was enjoined, there is no basis for allowance of attorney's fees or statutory damages.

Appeal from the Second Judicial District Court, Parish of Bienville. Hon. John S. Richardson, Judge.

Action by Mrs. Ida Goldman against Sugar Brothers Co., Ltd., et als.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Foster R. Taylor, of Arcadia, attorney for plaintiff, appellee.

McHenry, Montgomery, Lamkin and Lamkin, of Monroe, attorneys for defendants, appellants.

WEBB, J. The defendant, Sugar Brothers Company, Limited, having a judgment against G. H. Goldman, seized certain real estate and was advertising the same for sale to pay the judgment, when Mrs. Ida Goldman, plaintiff (wife of G. H. Goldman) filed the present suit, alleging that she had acquired the property seized under deeds from D. M. Atkins and J. B. Bryant, respectively, with her separate paraphernal funds which had been donated to her by her father, J. B. Bryant, and that her husband, whose name appears in the deeds under which she had acquired the property, appeared solely for the purpose of authorizing her to purchase the property, and that he was not in any way interested in the purchase of said property, and that the said property was her separate paraphernal property, and not subject to the payment of her husband's debts, and prayed for and obtained a temporary injunction restraining the defendant and the sheriff from selling the property, and for judgment sustaining and perpetuating the injunction, and decreeing her to be the owner of the property.

The defendant answered, pleading, in effect, a general denial and praying that plaintiff's demands be rejected and her injunction dissolved, and on trial judgment was rendered in favor of plaintiff, maintaining and perpetuating the injunction, and decreeing the property seized to be the separate property of the plaintiff, and not liable for the debts of the husband, and ordering possession delivered to plaintiff, from which judgment defendant appeals.

## OPINION

On trial, plaintiff offered in evidence two deeds conveying the property seized by defendant, in one of which D. M. Atkins declares that he sells to "Mrs. Ida Goldman and her husband, G. H. Goldman, who joins and authorizes his said wife herein," and in the other J. B. Bryant declares that he sells to "Mrs. Ida Goldman and husband, G. H. Goldman, who joins and authorizes his said wife herein," both instruments being under authentic act, and passed on the same date, and both being signed by all parties; the consideration stated in the first being one hundred and fifty dollars, represented by seventy-five dollars cash and one note for seventy-five dollars, and in the second the consideration being three hundred seventy-five dollars cash.

The plaintiff, Mrs. Goldman, was called as a witness and was asked to explain the deeds, that is, to show her husband was not one of the vendees, and an objection being made that parol evidence was inadmissible to show title to real estate, or to vary, change or alter the written instruments, and further, that the evidence was not admissible under the pleadings, it not being alleged that there was an error in the deeds showing the vendees, she was not permitted to explain the declaration as to the vendees, but over the same objection she was permitted to state that the purchase from D. M. Atkins was made with money she had made in Waco, Texas, and that the apparent purchase from J. B. Bryant was in fact a donation.

The plaintiff urges that the court erred in refusing to permit her to show that her husband appeared only for the purpose of authorizing her, and that he was not one of the vendees, and the defendant urges that the court erred in permitting plaintiff to show the manner the cash portion of the price of the property purchased from D. M. Atkins was paid, and to show that the apparent sale from J. B. Bryant was a donation; and, further, that the evidence was not sufficient to warrant the judgment declaring plaintiff to be the owner of the property and that her demands should have been rejected and the injunction dissolved with attorney's fees.

The theory of the plaintiff's case appears from the pleadings and the course of the trial to have been, first, to show that the property was acquired by her alone, and then to show that it was acquired for her separate benefit.

Passing the question of the right of the wife to show by parol that the declarations in the acts of sale that the property was sold to "Mrs. Ida Goldman and husband, G. H. Goldman, who joins and authorizes his wife herein," was erroneous and was intended to show a transfer to the wife alone, and conceding that she could have shown that the sales were made to her, yet the property having been purchased during the existence of the community, is presumed to be community property (Art. 2402, C. C.) and the wife asserting ownership as against the creditor bears the burden of pleading and of proof to show that the property was purchased with her separate funds, and where the act of sale, as in the case of the purchase from D. M. Atkins, shows that the price was partly on credit, she would also be bound to show that the property was ample security for the credit portion of the price or that her separate property was sufficient for

the payment of same. (Fortier vs. Barry, 111 La. 776, 35 So. 900.)

The evidence does not show that the cash payment was with the separate funds of Mrs. Goldman, nor does it show the property was sufficient security for the payment of the credit portion of the price, nor that Mrs. Goldman had other property out of which the payment could be made, and we do not think the evidence warranted the judgment decreeing Mrs. Goldman the owner of the property acquired from D. H. Atkins.

As to the property acquired from J. B. Bryant, Mrs. Goldman was permitted, over defendant's objection, as stated, to show that the transaction was a donation, and without considering the objection as to parol evidence, we think that the objection that plaintiff had not alleged that the transaction was a donation, should have been sustained, and thus there is not any evidence which would warrant the judgment decreeing Mrs. Goldman the owner of the property acquired from J. B. Bryant.

The judgment decreeing plaintiff the owner of the property will therefore have to be avoided, and the injunction dissolved, and this leads to the claims made in defendant's brief for fifty dollars attorney's fees.

The minutes show that a motion to dissolve the injunction was filed, tried and overruled, but the motion was not made a part of the record, and defendant in its answer does not claim either attorney's fees or statutory damages, and there was not any proof of attorney's fees, nor does the evidence show the amount of the judgment execution of which was enjoined, and there is not any basis for allowance of the damages claimed.

It is therefore ordered that the judgment appealed from be reversed and that

defendant have judgment against plaintiff rejecting her demands and dissolving the writ of injunction, with costs.