## MATHEWS v. D'ASARO

(February 17, 1930. Opinion and Decree.)
(April 7, 1930. Rehearing Refused.)
(June 4, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

Deutsch & Kerrigan, of New Orleans, attorneys for plaintiff, appellee.

Paul W. Maloney, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff sues the defendant for the sum of $677, with 6 per cent interest thereon from November 6, 1927, until paid, as the balance due on an alleged written contract, dated October 6, 1927, whereby plaintiff agreed to sell and defendant agreed to buy certain real estate situated in St. Tammany parish of this state. The defendant filed exceptions of misjoinder of parties defendant and no cause of action, which were overruled. He then answered the petition denying liability on the ground that he was unable to read and write, and depended upon the representation of plaintiff's agent, who failed to give him sufficient data as to the location, value and dimensions of the property, and therefore there was not a meeting of the minds so as to produce a valid contract.

There was judgment in favor of plaintiff for the amount prayed for, and the defendant has appealed.

The exception of misjoinder of parties defendant is based upon the fact that the contract contained the provision that the title to the property would be placed in the name of Steve D'Asaro and Mrs. Steve D'Asaro, after completion of the respective installment payments provided by the contract. In disposing of this exception it is sufficient to say that the contract is only signed by Steve D'Asaro. The only interest that his wife would have in the property would be to have the title placed in their joint names after the property was paid for, but, as she did not sign the contract, she was not a necessary party to this suit. Furthermore, it appears that this was a community debt, and, as the husband is the head and master of the community, he alone would be responsible. C. C. art. 2402; Lacour v. Knop, 10 Orleans App. 3; Goldman v. Sugar Bros. Co., 8 La. App. 562; Succession of James, 147

La. 944, 86 So. 403; Moore v. Pitre, 149 La. 910, 90 So. 252, and Whittington v. Heirs of Pegues, 165 La. 151, 115 So. 441.

The exception of no cause of action is leveled at the fact that the plaintiff did not place the defendant in default before entering suit. It appears under the terms and provisions of the contract that putting in default was waived by the defendant. The record also shows that on April 24, 1928, defendant was notified through plaintiff's attorney that, as he had failed to pay the installment due on the contract, the entire balance of the purchase price had matured under a provision in the contract to that effect, and that, unless defendant paid the balance due and took title to the property, suit would be entered. Defendant refused to comply with this demand.

It is also argued in support of the exception of no cause of action that, as the real estate broker, which was a commercial partnership composed of plaintiff and his two brothers, was not authorized in writing to sign the contract on behalf of plaintiff with the defendant, the contract was without any legal effect, because any agreement affecting real estate must be in writing. The record shows that the contract was signed by Mathews Bros., agents for vendors, per Ben B. Mathews. The evidence also shows that Ben B. Mathews was the record owner of the property covered by the contract. We are of the opinion that, as Ben B. Mathews signed the contract, written power of attorney from him to the partnership was unnecessary, as he was the owner of the property. He would likewise be estopped from denying want of authority by the partnership as a real estate broker to effect the sale of the property in his behalf. Furthermore, the plaintiff, having filed suit on the contract, thereby ratified any

act of the real estate brokerage firm. 2 C. J. 513; Surgat v. Potter, 12 Mart. (O. S.) 365; Szymanski v. S. Plassan, 20 La. Ann. 90, 96 Am. Dec. 382; Zino v. Verdelle, 9 La. 51; Succession of Gilmore, 154 La. 105, 97 So. 330.

This brings us to the merits of the case, and the evidence abundantly supports the finding of the district judge that the plaintiff afforded the defendant every reasonable opportunity to actually view the property, and pointed out its location on a blueprint which was introduced in evidence. Defendant had previously bought other property from plaintiff in the same subdivision. We find that the plaintiff made no misrepresentation as to the property's value, location, or dimensions.

For the reasons assigned, the judgment appealed from is affirmed.