Defendant delivered to plaintiff, who had attended defendant's mother, Mrs. Laing, for several years prior to her death on November 26, 1940, the following instrument:
"2703 Fairfield Avenue
"Shreveport, Louisiana
"December 6th, 1940
"I promise to pay Mrs. Pearl Crouch the sum of $1,000.00 for back wages as nurse to my mother, as soon as I sell my house or any other property to cover same.
"Mrs. (P.J.) Frances L. White"
Suit was filed on June 4, 1946. Defendant filed a plea of prescription under Article 3534, Revised Civil Code, which was overruled. On October 30, 1946, a default judgment was rendered in favor of plaintiff with 5% interest from the date of the instrument. *Page 194 
From this default judgment defendant perfected this appeal, and, in this Court, filed an exception of no right of action alleging that plaintiff, as a married woman, was without right to sue in her own behalf. Plaintiff in her answer to the appeal alleged that she was married at the time suit was filed but was a single woman from the 12th of April, 1932, to the 30th of December, 1944, and asked for affirmance of the judgment plus 10% penalty against defendant for taking a frivolous appeal.
We shall first discuss the exception of no right of action. Article 902 of the Code of Practice sets forth the conditions upon which an exception of this sort may be filed in an appellate court and were the facts disclosed by the record such as to show by the mere examination of the record that the obligation sued upon was in fact a community one, the exception would merit serious consideration.
[1] A reading of the petition does not disclose the marital status of plaintiff. She describes herself simply as "Mrs. Pearl Brown, a resident of Caddo Parish, Louisiana." Since defendant permitted judgment to go by default, the only indication in the record regarding her marital status is the statement in the exception itself that plaintiff-appellee is a married woman and the counter statement in plaintiff's answer to the appeal and affidavit attached to same that she was a widow at the time the services were performed and remained so up until December, 1944 (more than three years after the instrument sued upon was delivered to her). Act No. 283 of 1928, Dart's Statute § 2169, gives a married woman the right to sue in her own capacity for the use of her separate estate. From the petition itself it cannot be determined whether or not she was widowed or divorced either on December 6, 1940 (when the obligation was given) or on June 4, 1946, when the suit was filed. There is nothing in the petition or in the record below to affirmatively show that the debt contracted in favor of plaintiff was a debt due the community between her and the Mr. Brown to whom the petition indicates that she is now married. The fact that the instrument was made in favor of "Mrs. Pearl Crouch" indicates, on the contrary, that the instrument was given and the right acquired prior to her present marriage. The exception of no right of action was properly overruled since the facts alleged are consistent with the existence of a right of action in the plaintiff and this is true even though the allegations are broad enough to also include — along with the statements setting forth a valid cause and right of action — a state of facts inconsistent with plaintiff's right of action. West v. Ray, 210 La. 25, 26 So.2d 221.
[2-4] In the district court defendant filed a special plea of prescription of one year under Article 3534 of the Revised Civil Code. There is no doubt that the wages of a practical nurse prescribe in one year. In fact, this Court has held (Brown v. Succession of Laing, La. App., 26 So.2d 34) that the very claim herein sued upon has been barred as against the Succession of Mrs. Laing by a prescription of one year. However, the instrument sued upon is in effect a new obligation by Mrs. White to pay the $1000 "back wages" due plaintiff. Mrs. White was the sole heir, and accepted her mother's succession. This was sufficient consideration for her independent undertaking to pay this obligation. The instrument, as a written assumption by defendant of the debt due by her mother's succession, falls under the ten years prescription provided by Article 3544 of the Civil Code. Gilmore v. Logan, 30 La. Ann. 1276. Succession of Romero, 29 La. Ann. 493.
[5] Appellant complains here that the judgment of the district court allowed interest at the rate of 5% from the date of the acknowledgment and contends that interest should only be allowed from date of judicial demand. Under Code of Practice, Article 554, interest at the rate of 5% is allowed on all debts from the time they become due unless otherwise stipulated. The obligation sued upon is a promise to pay Mrs. Pearl Crouch the sum of $1000 for "back wages." The testimony was not reduced to writing and we cannot say that the district court was not justified in holding that the debt became "due" from the date of the instrument, and that the proviso *Page 195 
to pay "as soon as I sell my house, etc.," referred to time payment was to be made rather than to set up an indefinite future due date on the wages, already overdue.
We have given due consideration to the request of plaintiff that damages be awarded for a frivolous appeal, but have concluded that imposition is not warranted.
The judgment is affirmed with costs.