GULOTTA, Judge.
The question involved herein is one of prescription.
An action was brought on February 9, 1971, for the collection of loans totaling the sum of $1,213.00, allegedly made to the defendant prior to May 23, 1967. On that date (May 23), by Notarial act of partition, Carver, for consideration as set forth in the agreement, assumed as his personal obligation the payment of certain listed community debts, including the debt to Masset, and released and exonerated his judicially separated wife[1] from any responsibility in connection therewith. Plaintiff was not a party to this agreement.
No payments were made by the defendant to plaintiff and on May 19, 1971, a default judgment in the full amount was rendered in favor of plaintiff. Notice of judgment was served on September 28, 1971. A rule, filed on the same date (September 28), to set aside the judgment and for a new trial, was dismissed on October 8, 1971. Defendant had alleged in this motion that service of process was improper and that he was under a mistaken impression he was not required to defend this action. A plea of prescription filed on October 8 was not disposed of in the trial court. Defendant devolutively appealed[2] the May 19 judgment and re-urged in this court the plea of prescription heretofore filed below.
A determination of the issue of prescription is dispositive of the entire matter and precludes the necessity of considering any issues that might be raised by the dismissal of the rule to set aside the judgment and request for a new trial.
We are confronted with two questions. The first question is, did the defendant in the act of partition formally acknowledge the debt in writing causing the three-year prescription to cease? Secondly, was the assumption of the payment of the obligation by defendant a stipulation for the benefit of a third person creating an obligation which prescribed in ten years ?
It is defendant’s contention that the action is prescribed under LSA-C.C. art. 3538 [3] because of plaintiff’s failure to institute action within three years from May 23, 1967, for money loaned prior to that date.
Plaintiff, on the other hand, insists that in the act of partition the defendant acknowledged the debt in writing and assumed its payment as his personal obligation. This, he argues, is a stipulation pour autri[4] constituting a new or additional obligation, which prescribed in 10 years. He relies on LSA-C.C. art. 3544, which provides, “In general, all personal actions, except those before enumerated, are prescribed by ten years”, as well as Brown v. *458 White, 29 So.2d 193 (La.App. 2nd Cir. 1947); Levy v. Desposito, 133 La. 126, 62 So. 599 (1913); and Scionneaux v. Waguespack, 32 La.Ann. 283 (1880).
We find no merit in plaintiff’s contention. The cases cited by him are inappo-site.
In Brown supra, there was a specific assumption in writing by the wife to pay a debt due by her mother’s succession which she, as sole heir, had accepted. Mrs. White acknowledged the debt to the creditor in a special instrument. In Levy, supra, a new obligation was created for which the debtor became' responsible when the original vendor repurchased from the vendee and, as part of the purchase price, assumed the payment of a note given by the vendee. She was not initially responsible for the debt, as in our case. The situation in Scionneaux, supra, involved the assumption of notes pursuant to the purchase of property. The purchaser, however, was not an original party to the notes but became personally bound only upon assuming them.
In the matter before us, Carver neither acknowledged the indebtedness to the plaintiff in writing nor assumed the payment of a new obligation. In the first instance, a recitation in the act of partition that he assumed the payment of an alleged indebtedness while discharging the other party to the partition is not an acknowledgment of the debt to the creditor in writing. It is significant that the creditor was not a party to the agreement. It necessarily follows that the only effect of this agreement is between the parties to the act and places the responsibility on one party only to discharge the other party from the obligation, if, in fact, the debt is owed.
In the second instance, the defendant’s assumption of the payment of the alleged debt was not an assumption of a new or additional obligation for which he was not originally liable. He, as head and master of the community, is responsible for payment of community obligations. See: LSA-C.C. art. 2403; Mathews v. D’Asaro, 14 La.App. 328, 126 So. 246 (Orl.App.1930); Breaux v. Decuir, 49 So.2d 495 (La.App. 1st Cir.1950); Fairbanks, Morse & Co. v. Bordelon, 198 So. 391 (La.App. 1st Cir. 1940). The court in Smith v. Viser, 117 So.2d 673, 674 (La.App. 2nd Cir. 1960) stated:
“It is probable that there are no principles more elementary, more fundamental, more firmly imbedded in the law of Louisiana, and more clearly understood, than the principles that the wife is not personally liable for a community debt; that the husband is the head and master of the community, and that creditors thereof must obtain satisfaction of their claims from the husband who is individually liable for community debts, or, in certain instances, by proceeding against the community property. See: LSA-C. C. Article 2403.” (emphasis ours)
Carver, therefore, agreed only to continue to obligate himself for the payment of a debt for which he was initially responsible as head of the community. He was responsible for the payment of the loan in the sum of $1,213.00 (if it was, in fact, owed).
The other effect of the partition, as between the parties, was to exonerate the wife from any responsibility in connection with the liquidation of the indebtedness.
 For there to be a stipulation pour autri, there must be an obligation assumed by one for the benefit of a third person. The assumption of a payment of an obligation for which the debtor is initially responsible would not fall within this scope because the third person does not receive any “advantage” (as required by LSA-C.C. art. 1890) that he did not previously enjoy.
We are, therefore, of the opinion that the three-year prescriptive period is controlling under LSA-C.C. art. 3538. Accordingly, the plea of prescription is main *459 tained. The judgment in favor of plaintiff is reversed. There will now be judgment dismissing plaintiff’s action with prejudice and at his cost.
Reversed and rendered.

. A judgment of separation from bed and board, No. 462-243, was granted on May 11, 1967, in Civil District Court.

. Piled on October 13, 1971.

. LSA-C.C. art. 3538 reads :
“The following- actions are prescribed by three years:
“That for arrearages of rent charge, annuities and alimony, or of the hire of movables and immovables.
“That for the payment of money lent.

“This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced.”

. LSA-C.C. art. 1890 reads:
“A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract can not be revoked, (emphasis ours)
and LSA-C.C. art. 1902 reads:
“But a contract, in which anything is stipulated for the benefit of a third person, who has signified his assent to accept it, can not be revoked as to the advantage stipulated in his favor without his consent.”