(56 South. 514.)

No. 18,759.

Succession of DOLSEN.

(Oct. 30, 1911. Rehearing Denied Nov. 27, 1911.)

*(Syllabus by the Court.)*

1. LIMITATION OF ACTIONS (§ 21*)—PRESCRIPTION—"SERVANT"—"GENS DE TRAVAIL."

The wages of a sick nurse are prescribed by one year. Prior decisions reaffirmed.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 21.*

For other definitions, see Words and Phrases, vol. 7, pp. 6422–6429; vol. 8, p. 7798.]

2. EXECUTORS AND ADMINISTRATORS (§ 450*)—CLAIMS AGAINST DECEDENT'S ESTATE—EVIDENCE.

Where a person employed as sick nurse claims to have rendered additional services in other capacities, no recovery can be had on a quantum meruit, unless their value be satisfactorily proven.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 450.*]

Appeal from Civil District Court, Parish of Orleans; Walter B. Sommerville, Judge.

In the matter of the succession of Charles Dolsen. Fannie A. Humphreys filed a claim. Judgment for less than the amount claimed, and claimant and executor appeal. Judgment amended and affirmed.

Hiddleston Kenner, for appellant Humphreys. Edward A. Parsons, for other appellant. James Legendre, for appellee Dolsen.

LAND, J. Charles N. Dolsen, a very old man, died in the city of New Orleans in July, 1910, leaving a last will, which was duly probated. In November, 1910, Miss Fannie A. Humphreys, filed a petition in the mortuary proceedings, alleging that the estate was indebted to her in the sum of $10,330, for services rendered to the decedent from July 1, 1902, until the date of his death. The petition alleges that from July, 1902, to July, 1904, the claimant devoted her whole time and attention to the deceased—

"making his clothes, sewing, mending, employing, and superintending the servants in the care 129 LA.—19

of the house and premises, and in the preparation of his meals, and serving the same, and that said services were well worth the sum of $50 per month."

The petition further alleges that from July 1, 1904, to July, 1907, in addition to the services above stated, claimant was obliged, owing to the increasing infirmities of the deceased, to attend to his business affairs, and to constantly discharge the duties of personal attendant and nurse, and that said services were well worth the sum of $100 per month.

The petition further alleges that from July, 1907, until the death of decedent on July 14, 1910, he was a helpless invalid, and that, in addition to the services already stated, the claimant was obliged to care for him "like a child of a few months old," "to wash him, dress him, shave him, feed him, and to cut his hair, and to be almost continually in his room ministering to him in some way both day and night," and that said services were well worth the sum of $35 per week. The petition further alleges that said services were rendered at the request of the deceased, and because of his assurance that the claimant would be made his legatee to compensate her for said services. To this demand the executor pleaded the prescription of one year, and the widow of the deceased pleaded the prescription of one and three years.

The case was tried, and the judge a quo handed down the following opinion:

"Plaintiff was not a servant, and the plea of prescription of one year is overruled.

"Plaintiff was housekeeper, clerk, agent, and general manager of the deceased. She is entitled to a judgment against the succession and intervener on a quantum meruit for services rendered during eight years for $2,880."

Judgment was rendered accordingly. The claimant moved for a new trial, which was refused. The claimant and the executor have appealed.

[1] According to the allegations of the pe-

tition and the evidence, the principal and the most valuable services rendered by the petitioner to the deceased were those of nurse to an old and infirm man. This court has held in three well-considered cases that such services are prescribed by one year. Vaughn v. Terrell, 23 La. Ann. 62; Succession of Alexander, 110 La. 1027, 35 South. 273; Caldwell v. Turner, 120 La. 19, 55 South. 695. The term "laborers and servants," as used in the Civil Code of 1870, art. 3534 (C. C. 1825, art. 3499) is a translation of the term "gens de travail et de service," and the Vaughn Case, citing Marcadé, held that sick nurses were "gens de travail."

The rule of stare decisis is applicable, and the question of law decided in those cases must be considered as settled. Outside of her services as nurse, for which the petitioner claims full compensation, her services in the household in several particulars were those of a domestic servant.

The deceased had retired from business, and his income was only $200 per annum. He lived in rooms in the house of his stepmother, who resided in the same dwelling. Deceased always had a girl hired to cook and do other work about the premises. If, under such circumstances, the service of petitioner as housekeeper were of any money value, the quantum is not shown by the evidence. The same may be said of any services that the petitioner may have rendered as clerk or factotum. The petitioner lived as one of the family in the apartments of the deceased for eight years, and paid nothing for her board and lodging. The petitioner received no money for her services, and expected none during the lifetime of the deceased. The petitioner was not related to the deceased, and we believe her testimony to the effect that she expected to be compensated with a legacy. Petitioner testified that the deceased said that he could not pay her a salary, but that if she would take care of him until his death he would see that she was well recompensed. Petitioner further testified that the deceased always led her to understand that he was going to make a will in her favor, and that she would get recompensed when he was dead. There is no corroborative testimony as to such promises.

By a will, of date April 6, 1903, the deceased left his whole estate to his three sisters, residing in California. This will was probated soon after the death of the testator, and his estate was appraised at $5,045. It appears from the evidence that the deceased also owned a judgment for $6,000 against his stepmother, which operated as a mortgage on her dwelling house.

[2] The petitioner's services were doubtless valuable to the deceased, but, unfortunately for her, she cannot recover, except for the year immediately preceding the death of the deceased. C. C. art. 3534. The physician of the deceased, who was better qualified than any other person to estimate the value of petitioner's services as nurse during the last year of the life of the decedent, estimated their value at $15 per week. We adopt this estimate.

It is therefore ordered that the judgment below be amended by reducing the amount to $780, and that as thus amended said judgment be affirmed, costs of appeal to be divided.