(132 So. 783)

**Succession of BIERCE.**

**No. 30547.**

Feb. 2, 1931.

Rehearing Denied March 2, 1931.

Emmet Alpha, of New Orleans, for appellant.

Terriberry, Young, Rault & Carroll, of New Orleans, for appellee.

ROGERS, J.

Mrs. Laura Baquie opposed the provisional account filed by the Marine Bank & Trust Company, testamantary executor, alleging that the succession was indebted to her for lodging and nursing services furnished the deceased. In bar of opponent's demand, the executor pleaded the prescription of one, two, and three years. The court below sustained the plea of prescription of one year and dismissed the opposition. Opponent appealed from the judgment.

Opponent's claim is made up of four items, the first of which is her charge for lodging furnished the decedent for June, July and the first thirteen days of August, 1927, at $70 per month, a total of $169.25. The other three items, aggregating $2,201.63, are for nursing services rendered the decedent from August 13, 1925, to August 13, 1927, the day of his death. The opposition was filed on March 20, 1929.

Opponent failed to make a demand or file a suit within one year after the services for which she is claiming compensation were rendered. Hence her claim for nursing the decendent is barred by the prescription of one year. Civ. Code, art. 3534; Vaughn v. Terrell, 23 La. Ann. 62; Succession of Alexander, 110 La. 1027, 35 So. 273; Succession of Dolsen, 129 La. 577, 56 So. 514; Succession of Palmer, 137 La. 190, 68 So. 405; Succession of Fellon, 145 La. 967, 83 So. 208.

But opponent's claim for lodging the decedent is barred only by the prescription of ten years.

It is true that in the Succession of Fellon, supra, this court sustained a plea of prescription of one year to a claim for board and lodging furnished the testator. The court there likened the opponent to an innkeeper, and predicated its ruling on Civ. Code, art. 3534, providing that claims of innkeepers and such others for lodging and board which they furnished shall be prescribed in one year. The ruling, however, is not in accord with our prior jurisprudence, which the court apparently overlooked in reaching its conclusion.

Civ. Code, art. 3232, defines innkeepers to be those who keep a tavern or hotel and make a business of lodging travelers.

Opponent alleges at least an implied, if not an express, contract with the decedent under which she furnished him with a room, fire, and light for $70 a month. But it is not shown that opponent had any other lodger or that she was in the business of keeping a tavern, hotel, or lodging house. We cannot therefore, regard opponent as an innkeeper or as the keeper of a private lodging house. Hence her action on her claim for lodging the decedent falls within the rule announced in Succession of Nitch, 22 La. Ann. 316, and Succession of Newton, 33 La. Ann. 621, that a claim for board or lodging by one who does not make it a business to keep boarders or lodgers is prescribed by ten years.

For the reasons assigned, the judgment appealed from is affirmed so far as it dismissed on the plea of prescription of one year opponent's demand for $2,201.63 for nursing services rendered the decedent. The judgment is annulled so far as it dismissed on the plea of prescription of one year opponent's demand for $169.25 for lodging furnished the decedent, and the case is remanded to the district court to be tried on the merits of that demand. The costs of this proceeding are to be paid by the succession of Bierce; all other costs to await the final determination of the suit.