**MURRAY et al. v. HAGENS.**

No. 996.

Court of Appeal of Louisiana, First Circuit.

Oct. 5, 1932.

Dubuisson & Dubuisson, of Opelousas, for appellants.

L. Austin Fontenot, of Opelousas, for appellee.

## MOUTON, J.

Plaintiffs are suing defendant for $125.53, the alleged value of clothing and jewelry stolen from a room taken by them at the Victor Hotel, at Melville, La., owned by defendant and operated by him and his wife.

Article 2965, Civ. Code, upon which this demand is grounded, reads, as follows: "An innkeeper is responsible as depositary for the effects brought by travelers who lodge at his house; the deposit of such effects is considered as a necessary deposit."

The following articles 2966 and 2967, Civ. Code, provide for the responsibility of the innkeeper for the effects brought by travelers, though not intrusted to his personal care if delivered to his servant or employee, and whether stolen by his servants, agents, or strangers going and coming in the inn.

Article 2968, Civ. Code, requires every landlord or keeper of a public inn or hotel to have, for his protection, a chest or safe for the deposit of valuable articles belonging to his *guests or customers, etc.* (Italics ours.)

Civil Code, art. 3232, reads: "Those are called innkeepers, who keep a tavern or hotel, and make a business of lodging travelers."

The defendant and his wife were running the Victor Hotel at Melville, where the regular charges to travelers were $2.50 per day for fare with room, without bath, and $3.50 with bath. Evidently defendant was an innkeeper.

"The term travelers," says article 3235, Civil Code, "applies to strangers and such as being transiently in a place where they have no domicile, take their board and lodging."

A guest is a person entertained for pay at an inn, tavern, or hotel upon the general undertaking of the keeper of the house. Century Dictionary and Cyclopedia.

In defining innkeepers, article 3232, Civ. Code, refers to them indiscriminately as those who keep taverns or hotels. A tavern is a public house where food is provided for travelers and guests. Century Dictionary. Obviously, an inn or hotel is a public house where guests are given fare and lodging or fare without lodging, at stipulated rates. This is evidently the meaning intended to be conveyed by Civil Code, art. 3235, where, in referring to travelers, it says they are those who are transiently in a place where they have no domicile, "take their board and lodging at an inn." Such are unquestionably guests; the word "traveler" being used instead of "guest" in article 3235, above cited. The words "travelers" and "guests" are used as synonyms in the Code on this subject which appear in article 2968, where the chest is demanded of the innkeeper for valuables belonging to "his guests or customers." The word "customer" means a buyer, purchaser, patron. As used in that article, it means, as we construe it, a buyer of the fare at an inn or one who gives it his patronage for board and lodging, the usual business of an innkeeper or hotel manager.

Counsel for plaintiffs, in their supplemental brief, refer to articles 2968, 2969, Civil Code, saying that the words "landlord" and "innkeepers" are used interchangeably, and, from that fact, deduce the conclusion that the framers of our Code intended to impose a liability upon all members of the landlord class, indiscriminately, except where the tenant has complete and exclusive control of the tenement. A landlord is ordinarily referred to as the owner of a tenement to whom the tenant pays rent. In such cases the tenants are lessees or renters from the owner, and their rights and obligations are governed by other provisions of the Code, which have no connection with the present contention.

The landlord is also defined as the master or proprietor of an inn, of a lodging or boarding house. The Encyclopedia Dictionary; Century Dictionary and Cyclopedia.

It is in that sense, as we understand the Code, that the words "landlord or innkeeper" are used in articles 2968, 2969, Civil Code.

This feature of the case is brought into the discussion because, as we will show from the evidence, plaintiffs were never the guests of the defendant within the meaning of articles 3235, 2965, 2966, 2967 of the Civil Code, so as to impose liability on defendant for the effects spirited away from plaintiffs' room during their temporary absence.

■ Plaintiffs had rented a room in a wing of the Victor Hotel, were tenants under their contract, and hence not entitled to the protection of their effects as guests or travelers under the provisions of the Code, which treat of that subject. Obviously, 'if they were guests, plaintiffs would be entitled to the value of the stolen effects, but, as they were not, as will appear from the evidence in the case to which we will now refer, they have no right to the relief sought.

The contract in question was entered into between Mrs. Hagens, defendant's wife, and Mrs. Murray, who first applied to Mrs. Hagens, stating she had heard she had a part of a house for rent, whereupon Mrs. Hagens took her across the street from the hotel, and showed her two rooms in another house with stove and bed which she offered to rent at $10 a month. This was not accepted by Mrs. Murray, who thereafter rented two rooms in the wing of the hotel at $3.50 per week. One of the rooms was to be occupied by Mr. and Mrs. Murray, and the other, in which was a stove, was to be used as a kitchenette. Mrs. Murray, under the agreement, was to do her own cooking, make her own bed, and furnish the linen. The old stove was removed from the room and a new one was installed, which indicates that it had been used as a kitchenette prior to that time. The two rooms, one of which was rented with a kitchenette to plaintiffs, form part of the main building of the hotel, but are not a desirable place for guests of the hotel, as was testified to by Mr. Hagens, because they had to go through the dining room or go around the hotel. For that reason, he says, the rooms to be used as kitchenettes were built for light housekeeping. It is true that the room rented to plaintiffs and the other had previously been used as hotel rooms, but it is shown that, since the flood that overflowed that part of the country in 1927, they had been used as light housekeeping apartments.

It is shown that the maid in the hotel never went in plaintiffs' room nor any employee or servant of the defendant. It is admitted that plaintiffs bought their groceries and cooked their own meals, that Mrs. Murray made her own bed, and evidently attended herself to the upkeep of the rooms. Hence it is obvious that she did not expect, and was certainly not entitled to, any assistance from the servants of the hotel. Reference is made by plaintiffs' counsel to their use of the garage, baths in the hotel, and the lobby.

Mrs. Murray testifies that she had use of the garage. Mrs. Hagens says, when Mrs. Murray took the rooms, she asked her if they might use the garage and that she said they could. This explanation by Mrs. Hagens is not contradicted. As to the lobby, it is shown that its use was extended to all the roomers and even to strangers who happened to come to the hotel. Mrs. Hagens explains that the privileges thus allowed to the plaintiffs were extended as courtesies, which, we think, was the case, judging from the contract between the parties, under which plaintiffs had the exclusive control of the room occupied by them, and the adjoining kitchenette.

Instead of renting the two rooms across the street at $10 per month, plaintiffs took the room with kitchenette in the wing of the hotel at $3.50 per week. They could have engaged servants to attend to that room and kitchenette the same as they could have done in the rooms across the street if they had rented them, as was originally intended by Mrs. Murray.

The defendant, landlord and proprietor of the hotel, had the right to take plaintiffs as guests or to rent them the rooms across the street or in the hotel for use as tenants. The rooms thus rented were under the control and management of the plaintiffs and independently of the usual authority exercised by a landlord over the rooms occupied by his guests. These plaintiffs were tenants and not guests.

■ Counsel for plaintiffs refer to article 2966, Civil Code, which holds an innkeeper responsible for the effects of a traveler, though not delivered into his personal care, provided the delivery is made to his servant or person in his employment.

Whenever a traveler brings his effects in an inn, tavern, or hotel, takes a room or his meals without any agreement with the landlord different from those governing the relations of the ordinary customer towards the innkeeper, by an implied contract the traveler becomes a guest. This rule is generally, if not universally, accepted in such cases. The traveler, being a guest, is immediately entitled to the service of the servants or employees of the hotel whether he registers or not. Obviously, for that reason, the innkeeper is liable as a depositary for the effects of the traveler, if delivered to his servant. Here, under the very terms of the contract, the servants of the hotel had no relations whatsoever with the plaintiffs, as is hereinabove stated.

Plaintiffs not being guests, but mere tenants of the two rooms, a delivery of their effects to the servants of defendant could

not have entailed any liability on defendant for their loss.

■ During the absence of the plaintiffs on a little trip, the articles in question were stolen from the room where they had left them. At the time they left, Mrs. Hagens told them everything would be "all right," and that the goods would not be stolen. Her statement was that she felt certain they would not be taken during their absence. Evidently she so stated because nothing had ever been stolen from her premises at any time. She says that she did not hold herself responsible for the effects if they were taken. We feel confident that she entered into no guaranty for the restitution of the value of the effects if they disappeared. The proof is, however, that plaintiffs knew that there were no locks for the rooms, which could be easily entered by any one who cared to go in. Although fully aware of that fact, some of the more valuable effects of the plaintiffs were left where they were exposed to the view of any one and could be taken without any risk of detection. Plaintiffs in thus leaving these effects so exposed were guilty of the grossest negligence, and can find no relief in the contention that Mrs. Hagens was to take care of them.

We refer to the question of defendant's liability on this feature of the case because it is mentioned in the briefs of counsel for plaintiffs and defendant, though, if we correctly understand their contention, this question is not the determining factor in the case.

The real issue between the parties is discussed on the ground as to whether plaintiffs were guests and of their right of recovery on that issue, which we have resolved in favor of defendant.

We therefore affirm, with cost, the judgment appealed from rejecting plaintiffs' demand.