## BABIN v. THORMANDER.
### No. 16221.

Court of Appeal of Louisiana. Orleans.
April 20, 1936.

John J. Conners and Manuel I. Fisher, both of New Orleans, for appellant.

L. D. Dunbar, of New Orleans, for appellee.

McCALEB, Judge.

The defendant is the operator and owner of the Petit Hotel situated in the city of New Orleans. On April 16, 1934, and some time prior thereto, the plaintiff was a guest of the hotel, and he claims in this suit that upon said day two suits of clothes valued at $45 each, one gold stick pin valued at $65, and one necktie valued at $1.50, were stolen from his room.

The defendant admits that the plaintiff was a resident of the hotel on April 16, 1934, but denies that the property of plaintiff was stolen, averring alternatively that if plaintiff's effects were stolen, they were removed or taken through plaintiff's negligence and lack of prudence in his not observing the posted innkeeper's rules of the Petit Hotel, and denies that the loss, if any, occurred through any fault or negligence on his part.

We find the facts to be as follows:

The Petit Hotel contains some 9 or 10 rooms, and caters to transients, as well as to local guests. It is operated in the same manner as any other hotel; guests being required to register, and separate keys are furnished for each room. On April 16, 1934, plaintiff left his room at about 7:30 a. m., locking the door before departing and placing the key thereof upon a nail in the lobby of the hotel, which was the customary place provided by the proprietor for the guests to leave their room keys. After work he returned to his room at about 5:30 p. m. and discovered that two suits of his clothes, together with the gold stick pin and necktie, had been stolen. He reported the loss to the defendant and the police were summoned.

There is no evidence to the effect that the property of the plaintiff was stolen by force of arms, but, on the contrary, the testimony leads to the conclusion that the theft was committed by another guest of the hotel, or some unknown intruder.

The testimony of defendant and his witnesses is negative. They disclaim any knowledge of the theft, and assert that all reasonable care and prudence was used by the defendant in protecting the property of the guests of the hotel.

The trial judge found for the defendant. He has given written reasons for his judgment, which are, in substance, that the Petit Hotel is not really a hotel, but a small rooming house, and can be easily guarded against theft. He also states that while there are transients at the hotel, most the guests are of good repute, and concludes that the defendant has exercised such care as a reasonably prudent person should exercise over his own property, or the property of the plaintiff, and that, therefore, the plaintiff cannot recover.

242

 The first question of law raised by the defendant in this court is that he does not conduct a hotel or inn within the meaning of article 3232 of the Civil Code, and that, consequently, he is not imposed with responsibility for effects which are stolen from the rooms of his guests.

We find this contention to be without merit. ` In the first place, his answer concedes that he is an innkeeper, for one of his defenses is that, "if said effects were in the premises of the Petit Hotel, that same was removed, lost, taken, or stolen through the negligence and lack of prudence of plaintiff, and in his not observing the *posted innkeeper's rules* of the said Petit Hotel." (Italics ours.)

From the foregoing it will be observed that he considers himself an innkeeper, and has posted rules concerning his limitation of liability.

Moreover, we find from the evidence adduced, that the business conducted by the defendant at the Petit Hotel is clearly within the definition of an innkeeper, as set forth in article 3232 of the Civil Code: "Those are called innkeepers, who keep a tavern or hotel, and make a business of lodging travelers." Compare Succession of Bierce, 171 La. 1047, 132 So. 783.

Counsel for defendant relies upon the case of Murray v. Hagens (La.App. 1st. Cir.) 143 So. 505. In that case the defendants operated a hotel. They leased two rooms in one wing thereof to the plaintiffs. The court specifically found that, while these rooms were formerly used as hotel rooms, that since the flood at Melville, La., in 1927, they had been used and rented as light housekeeping apartments. It was held that the status of the parties to the suit was landlord and tenant, and not innkeeper and guest.

But in the case at bar the plaintiff occupied a room in the hotel, as any transient. It is true that he rented by the week and that his home was in the city of New Orleans, but this fact alone is insufficient to transform the status of the defendant from an innkeeper to a landlord.

The defendant, being an innkeeper, is responsible for the effects of his guest which are stolen or damaged either by his servants or his agents, or strangers coming to or going from the hotel. Civ. Code, arts. 2965, 2967. We can discern no reason why the plaintiff should not recover, and conclude that the suits of clothes, stick pin and tie, were evidently abstracted by some unknown person, and that the trial court erred in its application of the law to the facts of the case.

 The plaintiff seeks judgment in the sum of $90 for the two suits of clothes, $1.50 for the necktie, and $65 for the gold stick pin. As to the gold stick pin, the record is barren of any evidence disclosing its value and, accordingly, there is no way for us to award plaintiff a judgment for its loss. The same is true with reference to the necktie, and, as to these two items, his demand must be rejected. However, as to the two suits of clothes, plaintiff proved that their purchase price was $45 each, and that he had bought them some 4 or 5 months before the theft took place. While there is no testimony to show the value of the suits at the time of the loss, we assume that they had depreciated in value to some extent, and we fix this depreciation at $15 per suit, making the total value of both suits the sum of $60.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be, and it is reversed, and it is now ordered that there be judgment herein in favor of the plaintiff, Salvador E. Babin, and against the defendant, Fred Thormander, in the full sum of $60, with legal interest from judicial demand, and for all costs.

Reversed.