Plaintiff appealed from judgment that sustained a plea of prescription of one year and dismissed her suit against Mrs. Frances L. White, administratrix of the succession of her mother, Mrs. Sallie Ware Laing, deceased, wherein she sought to have her claim for services as nurse to the deceased recognized and ordered paid in due course of administration of the succession.
The facts as disclosed by the record are these: Plaintiff was employed as day and night nurse to the deceased in the latter part of the year 1934 at a fixed daily wage, all of which was paid to April 20, 1938. Thereafter, to November 26, 1940, date of the death of Mrs. Laing, plaintiff's compensation, by agreement, was $40 per month. She earned to the date of Mrs. Laing's death $1,260 against which payments aggregating $282 were paid in various amounts, leaving a balance due plaintiff of $978.
Mrs. Laing died intestate in Caddo Parish, her domicile, leaving a small estate consisting of two lots in said city. Mrs. White is her sole heir and legal representative. No steps were taken to open and administer the succession until November 9, 1945, when plaintiff, alleging herself to be a privileged creditor of the succession, petitioned the District Court of Caddo Parish, praying for an inventory and appraisement of the property, rights and credits of the deceased, and finally that she be appointed as administratrix of her succession. Mrs. White opposed this application, claiming a preference to be appointed administratrix, and on December 22, 1945, the Court granted her petition. The present suit followed.
Plaintiff, after averring that Mrs. Laing died intestate on December 6, 1940, and that Mrs. White had been appointed administratrix of her succession, further alleged:
"Petitioner avers that for several years prior to the death of the said Mrs. Sallie Ware Laing, petitioner was employed by decedent as her nurse and personal attendant at a regular monthly salary.
"That on the date of the death of the said Mrs. Sallie Ware Laing, she was indebted unto petitioner for services rendered to her as nurse and personal attendant in the sum of one thousand and no/100 ($1,000.00) dollars.
"That said indebtedness was acknowledged by Mrs. Frances L. White, sole heir of decedent, in writing on December 6th, 1940, in words and figures as follows, to-wit:
" '2703 Fairfield Avenue, " 'Shreveport, " 'Louisiana " 'Dec. 6th, 1940
" 'I promise to pay Mrs. Pearl Crouch the sum of $1,000.00 for back wages as nurse to my mother, as soon as I sell my house or any other property, to cover same.
" 'Mrs. (P.J.) Frances L. White'
"All of which will more fully appear by reference to said written acknowledgment, which is attached hereto and made a part of this petition.
"That petitioner is a privileged creditor of decedent's estate, and has a privilege on the property of said decedent for the payment for the services rendered by petitioner as nurse during decedent's last illness.
"That Mrs. Frances L. White, administratrix of this estate, refuses to recognize petitioner's claim. * * *"
In obedience to the court's order, the petition was amended to show in detail the facts serving as the basis of plaintiff's claim. In this amendment plaintiff iterated her employment as nurse and set forth the wages fixed and amount earned by her in that capacity since April 20, 1938, with total time served, and payments made on account. Following the filing of the amended petition the administratrix tendered and filed the plea of prescription of one year which was sustained.
The position of the administratrix is that on the face of the pleadings, so far as concerns the succession, the basis of plaintiff's suit is the balance due on account she has against it, reflected from the amended petition; that under the fifth paragraph of Article 3534 of the Civil Code, as construed by the following decisions of the Supreme Court, to-wit: Succession of Alexander, 110 La. 1027, 35 So. 273; Succession of Dolsen, 129 La. 577, 56 So. 514; Succession of Bierce,171 La. 1047, 132 So. 783, *Page 36 
plaintiff's claim and privilege against the succession are barred by the pleaded prescription.
[1] The cited cases do sustain the contention that a suit to hold a succession responsible for nurses' services rendered to the deceased is barred by the prescription of one year. Therefore, unless kept alive by interruption, in some manner sanctioned by law, plaintiff's right against the succession is barred.
Further it is the contention of the administratrix that the assumpsit signed by her to plaintiff has no influence whatever upon the issue of prescription; that that instrument was signed by Mrs. White individually, long before she was appointed administratrix, and while fixing personal liability on her part, it had not the effect of interrupting the current of prescription against the succession. Alternatively, the administratrix contends that even though the assumpsit did have the effect of interrupting the current of prescription, such interruption ceased one year from the date of the assumpsit, or on December 6, 1941.
Plaintiff contends that by executing and delivering the assumpsit, referred to as an acknowledgment, plaintiff's claim thereby ceased to be subject to the rule of prescription fixed by Article 3534 of the Civil Code, but was thereafter subject to the prescription of ten years provided by Article 3544 of the Civil Code, which reads: "In general, all personal actions, except those before enumerated, are prescribed by ten years."
[2, 3] It is true, as argued by plaintiff's counsel, that Mrs. White executed the assumpsit because of her status as sole heir of her mother. By doing this, only ten days after her mother's death, obviously she was motivated by a high sense of moral, as well as legal responsibility toward Mrs. Brown; and genuinely wished to see her paid. In keeping with this feeling and attitude, she personally promised to discharge the obligation. But, we do not think this extinguished the succession's liability to plaintiff. It gave to plaintiff the written commitment of the heir in her individual capacity for payment of the debt, in addition to the liability of the succession. The situation is not unlike that which results from the heir's acceptance, expressly or impliedly, of a succession. However, it is not our opinion that the execution and delivery of the assumpsit superinduced in solido liability to plaintiff by the succession and Mrs. White individually. This being true, plaintiff's contention that the assumpsit had the effect of interrupting the running of prescription on the claim and of transforming its status to that of personal obligation, prescribable only in ten years, is not well founded. On the contrary, it was entirely possible, as did happen, for plaintiff to lose her rights as against the succession but still have a right of action against Mrs. White on the assumpsit.
The case that approaches nearest that at bar, in facts and principles, to which we have been referred or of which we have knowledge, is that of Stowers v. Succession of Blackburn et al., 21 La. Ann. 127. In that case D.F. Blackburn and Mrs. C.A. Blackburn executed to the plaintiff their joint promissory note for $10,000, due January 1, 1861, with ten per cent interest. The note was not paid at maturity. In the meantime D.F. Blackburn died and Mrs. C.A. Blackburn was appointed executrix of his succession. Thereafter, on December 13, 1865, Mrs. Blackburn wrote and signed the following endorsement on the reverse side of the note, to-wit: "I acknowledge the within note to be correct."
The case as against the succession turned upon whether this endorsement by Mrs. Blackburn individually operated to interrupt the current of prescription on the note as to the succession. The court held that it did not have that effect, since the obligation was not originally a solidary one and did not take on that character from the endorsement made thereon by Mrs. Blackburn. The court, concerning the requirements of solidarity, said: "Solidarity exists, by the Code, when several persons bind themselves towards another for the same sum at the same time and in the same contract. It cannot be presumed. * * *"
The cited case is stronger for the contention that prescription was interrupted than is the present one, because when Mrs. Blackburn made the endorsement she was *Page 37 
the surviving widow of her co-maker and acting executrix of his succession, whereas in the present case the succession of the obligor had not been opened, and the only relation of Mrs. White thereto was that of unrecognized heir, when she signed the assumpsit.
[4] We believe the alternative position of the administratrix well founded. If the assumpsit had the effect of interrupting prescription on the claim asserted by plaintiff, it ceased at the end of one year thereafter or on December 6, 1941. The following cases sustain this conclusion: Henry Block Company, Ltd. v. Papania, 121 La. 683, 46 So. 694; White Brothers Company, Inc., v. Shinn, La. App., 160 So. 823; Carraby v. Navarre, 3 La. 262; Buard v. Lemee, Syn., 12 Rob. 243-250.
Plaintiff relies upon Article 3552 of the Civil Code. This article has reference to methods of interrupting prescription as against joint and insolido obligors, and their heirs. The fourth provision of the article reads: "To interrupt this prescription for the whole, with regard to the other codebtors, it is necessary, either that the citations be served on all the heirs of the deceased debtor, or the acknowledgment be made by all the heirs."
Plaintiff argues that application of this part of the article should not be restricted to deceased debtors in solido and/or their heirs, but to all heirs of deceased debtors, whether the debt originally was individual, joint or in solido, so that the acknowledgment by the sole heir of a deceased debtor would interrupt the running of prescription as to the whole estate of the deceased.
Granting, arguendo, that this interpretation of the article be correct, the effect of the interruption in the present case did not subsist for a period longer than the prescriptive period originally applicable to the debt.
[5] Plaintiff also argues that in signing the assumpsit Mrs. White acted as the "agent or representative of the succession, and as universal successor of the deceased". As said above, when Mrs. White signed the assumpsit the succession had not been opened and it remained in that condition for nearly five years thereafter. It had no representative during this time. Being the sole heir of her mother, provided adequate consideration for Mrs. White to assume and promise to pay the debt due plaintiff, but beyond this, her status as sole heir, for the reasons herein given, had no material influence on the situation. She had the right by independent and personal action to agree to pay this debt or any other obligation of the deceased.
In the judgment from which appealed, plaintiff's rights as against Mrs. White are expressly reserved to her.
For the reasons herein given, said judgment is affirmed at the cost of the appellant.