Plaintiff sued to recover the value of clothing and other personal effects stolen by an unknown person from the room occupied by him as a guest of a hotel in the City of Shreveport, Louisiana, operated by the defendant. The most valuable of the stolen articles consisted of suits of clothes, trousers, a Mackinaw, set of drawing instruments, Gladstone bag and eye glasses, alleged to have had a value of $343 at the time stolen. The value of the other articles is alleged to have been $108.60 at that time.
For a cause of action plaintiff also alleged that for several months prior to December 14, 1945, he was a paying guest of the hotel, and occupied room No. 37 therein; that at approximately ten o'clock A. M. of said day he temporarily absented himself from the hotel after locking his room and delivering the key to the hotel clerk then on duty; that he returned to the hotel at approximately six o'clock P. M. and then discovered that his room had been entered without force or violence and the theft committed; that he immediately notified the manager of the hotel of the theft, and the police department of the city, but none of the purloined articles has been recovered. He further avers that a copy of article 2971 of the Revised Civil Code was not posted in the room he occupied.
For lack of information sufficient to justify a belief, defendant denied each allegation of the petition. There was judgment for plaintiff in the sum of $220 and he appealed, complaining here of the inadequacy of the award, while defendant, answering the appeal, asserts, firstly, that the judgment should be reversed and plaintiff's demand rejected in toto; and, in the alternative, that the amount of the judgment is excessive and should be reduced to $50.
Plaintiff supported the allegations of his petition by his testimony which is not to any great extent controverted. He further testified that when he returned to the hotel the day of the theft he asked the desk clerk on duty for the key to his room and it was then discovered that the key was not there. Entrance into the room was gained by means of a passkey. The thief evidently had the key to the room and locked it after removing therefrom plaintiff's goods. A small valise-trunk was discovered, empty of everything of value, in a room of the hotel that had been vacated that day, and a piece of baggage was found in another vacant room.
[1] As regards the exact articles stolen, their quality, original cost, condition and value when stolen, the testimony of plaintiff is all we have. In cases of this character the innkeeper is generally without knowledge of the quantity and quality of the personal effects guests bring with them, and a court is largely dependent upon the guest's testimony to guide it in the effort to arrive at the amount of loss sustained. For this reason testimony of the guest should be carefully considered and weighed.
We experience no difficulty in reaching the conclusion that under the facts of this case and the law defining the duties and fixing the liability of innkeepers to their paying guests, defendant is responsible to plaintiff for the value of the articles stolen from his room. But to determine the proper measure of value of such articles when stolen is not nearly so easy. The trial judge experienced no little difficulty on this phase of the case.
The pertinent law governing the liability of hotel or innkeepers to a paying guest, for property stolen from his room, is to be found in the Revised Civil Code, Articles 2964 to 2971, inclusive. Articles 2965, 2966, 2967 and 2970 read as follows:
"2965. An innkeeper is responsible as depositary for the effects brought by travelers who lodge at his house; the deposit of such effects is considered as a necessary deposit. *Page 655 
"2966. An innkeeper is responsible for the effects brought by travelers, even though they were not delivered into his personal care, provided however, they were delivered to a servant or person in his employment.
"2967. He is responsible if any of the effects be stolen or damaged, either by his servants or agents, or by strangers going and coming in the inn."
* * * * * *
"2970. He is not responsible for what is stolen by force and arms, or with exterior breaking open of doors, or by any other extraordinary violence."
Article 2968 requires that every keeper of a public inn or hotel shall provide an iron chest or other safe deposit for valuable articles belonging to guests or customers and he is additionally required to keep posted upon the doors of the inn or hotel written or printed notices that the guests or customers must leave their valuables with the landlord, his agent or clerk for safe keeping to the end that he may deposit same in the place provided for that purpose. This law is designed to protect the innkeeper as well as the guest. Article 2969 provides that every hotel or innkeeper who shall comply with the requirements of Article 2968 shall not be liable for any money, jewelry, watches, plate or other things made of gold or silver, or of rare and precious stones or for other valuable articles of such description as may be contained in small compass, which may be abstracted or lost from such public inn or hotel, if the same shall not be left with the landlord, his clerk or agent for deposit, etc., "provided, however, that the provisions of this article shall not apply to a wearing watch, or such other articles of jewelry as are ordinarily worn about the person." Article 2971 originally limited the liability of a landlord, hotel or innkeeper to a guest or party of guests occupying the same apartment, for loss sustained by him or them for goods stolen, to $100 unless agreement in writing be signed by the parties providing for greater liability; but Act No. 231 of 1912 amended this article by adopting the following proviso, to-wit:
"* * * Provided that no guest shall be held bound by the limitation of value established in this Article unless this Article is conspicuously posted in the guest room."
It is admitted that the requirement of this amendment was not observed by defendant; and it is shown that he did not provide an iron chest or other safe deposit as required by Article 2968, above paraphrased, although there were posted in the rooms of the inn notices that there was a safe in the front office, for the convenience of guests, and that the inn would not be responsible for loss of money, jewels or other valuables unless same were deposited in the "safe provided for that purpose."
[2] The theft having been perpetrated without force or violence, and defendant having failed to avail himself as innkeeper of those laws designed to limit his liability, he is clearly responsible to plaintiff for the value of the stolen articles.
[3] The trial judge in written reasons for his judgment, listed each stolen article, the date when acquired, the original cost as given by plaintiff, and the value fixed by plaintiff thereon when stolen. He then fixed his own value of each article, the amount that was due plaintiff therefor, after taking into consideration all of the elements and factors that properly contributed to or affected such values. To illustrate: A double breasted dark blue suit, four years old, that cost $50, he valued at $35. Defendant says the value should have been fixed at $15. A single breasted gray summer suit, seven years old, that cost $35, he valued at $15. Defendant says this value should have been $5; and so on with the whole list, the values fixed being consonant with those above mentioned.
Due to economic conditions it would be difficult, if not impossible, to replace the stolen suits of clothes, and if replacement were possible, the cost of new suits would be much greater than that for which the stolen ones were purchased. None of the stolen articles had a market value although doubtless all, or nearly all of them, could have been sold to merchants engaged in the buying and selling of used goods and for prices, due to prevailing economic conditions, *Page 656 
greater than could have been had under normal economic conditions. Goods of this character, as is true of practically all of the other stolen articles, including neckties, a belt, bathing suit, fountain pen, gloves, hunting hat, clothes brush, etc., are worn out or become valueless as such in the course of time; in fact, within a few years. From the moment first used their value depreciates and this continues from normal use. However, in the present case as plaintiff is an engineer and wears work clothes daily while performing his duties, the degree and extent of depreciation from wear and tear would not be as great as would be if worn by one of a different profession.
The fact that temporarily the stolen clothes may not be replaceable is not a proper criterion of their value; nor should the measure of value be the price at which new goods of the kind, if obtainable, could be acquired. If this were not true a guest would profit measurably from the theft of his wearing apparel. His loss of used clothes would be compensated by new ones or their value.
There is no case in point in the jurisprudence of this state. The facts of Williams v. Gallagher Transfer Storage Company, Ltd., 170 La. 461, 128 So. 277, and of Ayres v. Wyatt et al., La. App., 185 So. 84, clearly distinguish them from the present one. The facts of Babin v. Thormander, La. App., 167 So. 241, 242, to some extent approach those of the instant case. In that case the principal question to solve was the value of two suits of clothes, costing $45 each, that had been worn only a few months. In disposing of this question the court, inter alia, said:
"While there is no testimony to show the value of the suits at the time of the loss, we assume that they had depreciated in value to some extent, and we fix this depreciation at $15 per suit, making the total value of both suits the sum of $60."
The rule of value and the amount recoverable by the guest in cases of this character, in other jurisdictions, is stated in 15 Am.Juris. 536, § 126, as follows:
"It is generally held that the amount of recovery for the loss or conversion of, or injury to, wearing apparel or household goods is not limited to the price which could be realized by a sale in the market, but that the owner may recover the value of the goods to him, based on his actual money loss resulting from his being deprived of the property, or the difference in actual value caused by the injury, excluding any fanciful or sentimental values which he might place on them."
"In the majority of cases it appears to be assumed that articles of this kind have no real market value which can be accepted as a proper standard for the measurement of damages for their loss, conversion, or injury. * * *"
The same rule for determining the measure of loss in such cases is laid down in 63 A.L.R. 241, and 25 C.J.S., Damages, § 83, p. 629. But this rule poses the question: What, in dollars and cents, is the value of the property to the guest? Answers thereto would and could vary in the opinions of men.
Of course, a used suit of clothes generally serves the same purpose and satisfies the wearer as would a new one and in this sense the old one is worth as much as a new one of the same kind and quality, but as said before, a proper measure of value cannot safely be predicated thereon.
[4] The quoted and paraphrased articles of the Civil Code fix liability without fault and thereunder an innkeeper should be cast pecuniarily only to the extent that will fairly compensate the guest for the loss he has sustained.
After all is said and done on the subject, the questions of values and extent of loss in a case of this character address themselves to the sound judgment of the court and/or jury after taking into consideration and weighing all of the pertinent facts and applicable conditions. We know the judge of the lower court did this. Out of an abundance of caution he granted a rehearing and thereafter increased his award from $185 to $220. We feel that this award does substantial justice between the parties and fairly compensates plaintiff for his loss. We approve same, except in the respect hereinafter discussed. *Page 657 
In his first opinion the trial judge relieved defendant from liability for loss of the set of drawing instruments with extra contour and ruling pens, on the ground that these articles were contained in "small compass" and were not then used by plaintiff, nor did they form a part of the necessary articles for his travel and personal comfort. On rehearing this ruling was reversed and judgment for $35, the determined value of these articles, was given.
[5] After quoting Article 2966 of the Revised Civil Code and citing Robbins v. Pontchartrain Apartments, Inc., 175 La. 278,143 So. 263, the court said:
"It is admitted that defendant never had a safe, iron chest or other safe depository in their hotel."
"It is our conclusion, therefore, that the defendant has not complied with one of the two requirements necessary to relieve him from liability for such losses. That is, that he did not provide a safe as stated in the notice posted in plaintiff's room, which fact was not only self evident but was communicated to plaintiff by the employees of defendant."
We feel sure this latter ruling is correct. Since there was no iron safe or its equivalent provided by defendant in which could be deposited the instruments and pens, a fact known to plaintiff, there remained nothing for him to do but hold the articles in his room under lock and key. In this respect defendant has no one to blame but himself and in this respect he was not without fault.
[6] Plaintiff testified that the instruments when purchased in 1925 cost $48, and that the pens cost $3.60 and $1.50, respectively, or a total of $53.10, for which he sued. It was shown that a set of instruments of the kind, and made by the same manufacturer as those lost, at date of trial, could be purchased for $28.50. Pens of the sort stolen may be purchased at this date, but the cost of such now is not shown. As the instruments were twenty years old, depreciation thereon must have been considerable. It is our opinion that a value of $20 for the instruments and pens would be nearer correct than the value fixed by the lower court.
[7] Among the articles lost by plaintiff was a small sized picture of his mother, taken a few months prior to her death and, according to plaintiff's testimony, the only one in existence. He sued for $50 as the value of the picture. The lower court rejected the demand on this score and in doing so, said:
"There is one other article for which we think plaintiff is not entitled to recover, and that is the photograph of his mother. No evidence is offered as to the actual value, which would be all that would be authorized by law. We naturally sympathize with the plaintiff in his loss and realize full well that no monetary consideration can adequately compensate him.
" 'The measure of damages for the loss or conversion of, or injury to, family portraits having no market value is the actual value to the person sustaining the loss.' " 15 Am.Jur. § 127.
We concur in this ruling.
For the reasons herein assigned, the judgment appealed from is amended by reducing the amount thereof to Two Hundred Five ($205) Dollars, and as thus amended, the judgment is affirmed. Costs of appeal shall be paid by plaintiff, appellant. *Page 733