COLE, J.
This is a suit for damages, unusual in part, arising out of a vehicular collision.
On April 6, 1977, while operating his automobile on Louisiana Highway 30 in Ascension Parish, Louisiana, W. Frank Emerson was struck from the rear by a truck owned by Big Chief Truck Lines, Inc., and driven by Danny Schexnayder.
As a result of the collision, Emerson’s automobile caught fire and it and most of its contents were totally destroyed. Emerson also suffered bodily injuries.
This suit was brought by Emerson against Big Chief, Schexnayder, and their insurer, Empire Fire and Marine Insurance Company. After trial on the merits, the district court found for the plaintiff and entered judgment for certain monetary awards, one of which was the sum of $2,500.00 for the loss of certain experimental records which plaintiff had compiled on the study of brain waves, all of which were destroyed in the fire.
Plaintiff has appealed devolutively and defendants appealed suspensively. The only issue before us is the propriety of the award for the loss of the research records. We affirm.
Emerson is a retired United States Army officer and a real estate salesman on a part time basis. In 1973, in conjunction with the activities of his brother, Robert B. Emerson, Sr., also a retired Army officer, plaintiff became interested in the field of biofeedback which is a term descriptive of the analysis of brain waves. Since that time, he has conducted numerous tests and experiments on this subject at the laboratory located in his brother’s residence. At the time of the accident, he had recorded data from 1,763 of such tests in two notebooks which happened to be in his automobile when it was destroyed. Of these he had analyzed and done case summaries of about 200 of the tests.
The experiments were conducted primarily by the use of an electroencephalograph machine which Emerson was trained to use by his brother and other persons who frequented the laboratory in connection with these studies. Although Emerson had no formal education in the fields of psychology or psychiatry, he read considerable literature contained in the extensive library maintained at the laboratory and he also attended and took part in many study sessions on the subject. He would obtain volunteers at meetings then held in his brother’s residence who would take part in the tests he wanted to perform. The tests consisted mainly of the study of various aspects of brain reaction to varied stimuli. The time required for each experiment was approximately thirty minutes. He anticipated no economic gain from these efforts.
Concerning the claim for the lost documents, the district judge stated:
“The major issue in this case is the amount Emerson is entitled to recover for certain research notes lost in the fire. The research notes consisted of case histories and EEG data from approximately *1240 1700 individuals. This research was not employment related, nor was it in furtherance of any academic degree. Emerson testified that the tests were for his own gratification and curiosity. In light of this, the Court concludes that Emerson is entitled to recover $2,500.00 for the loss of his research notes.”
Plaintiff claims, however, the proper measure of damages for this loss is the cost of reproduction of the experimental results, which is far greater than the award made by the district court. At trial, the testimony of Dr. Roger L. Burford, an economist, was presented. In the opinion of that expert, the reproduction cost of the items in $77,486.00. We are unable to agree with the arguments advanced by Emerson in that regard.
In Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971), the Supreme Court of the state observed:
“Where there is a legal right to recovery but the damages cannot be exactly estimated, the courts have reasonable discretion to assess same based upon all the facts and circumstances of the case. Civil Code Art. 1934(3); Brantley v. Tremont & Gulf Ry. Co., 226 La. 176, 75 So.2d 236 (1954), and decisions therein cited.”
There is no mechanical rule that can be universally applied to each damage claim; each case must be individually evaluated according to the evidence presented. Coleman v. Victor, 326 So.2d 344 (La. 1976).
The experimental records destroyed here had no market value. Emerson admittedly was not engaged in this activity for profit and did not intend to use the records for income purposes. Therefore, these items had an intrinsic value to their owner only. It has been previously decided by the courts of this state that where items of destroyed property have no market value and are of personal value only to the owner, the correct measure of compensation is the actual value of the property to the person sustaining the loss. See Lack v. Anderson, 27 So.2d 653 (La.App.2d Cir. 1946); Mosely v. Sears, Roebuck and Company, 167 So.2d 408 (La.App.1st Cir. 1964).
As this court recently stated in Ewell v. Petro Processors of Louisiana, Inc., 364 So.2d 604 (La.App.1st Cir. 1978); writ refused, 366 So.2d 575:
“We think that the proper measure of damages must be determined from the circumstances of each case, considering such factors as the extent of the damage; the use to which the property may be put; extent of economic loss, both as to value and income; and the cost of and practicability of restoration. (Emphasis added.)
In addition to those guidelines, the “much discretion” vested in the trial judge must also be considered. We find no abuse of that discretion in the monetary damages awarded here.
The judgment of the district court is affirmed. Costs of this appeal are to be paid one-half by plaintiff and one-half by defendants.
AFFIRMED.