415 So.2d 605 (1982)
DELTA SECURITY BANK & TRUST COMPANY, Plaintiff-Appellant,
v.
Lee T. BYRNES, Defendant-Appellee.
No. 8812.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1982.
Lyman S. Gore of Gore & Shields, Vidalia, for plaintiff-appellant.
Lloyd F. Love, Ferriday, for defendant-appellee.
Before DOMENGEAUX, CUTRER and SWIFT, JJ.
SWIFT, Judge.
Delta Security Bank & Trust Company instituted this suit against Lee T. Byrnes for the amount due on a promissory note executed by the defendant and for judgment recognizing and maintaining a mortgage which secured the note. From a judgment in favor of the plaintiff against the defendant for the balance owed on the promissory note but which sustained the defendant's plea of prescription for failure to timely reinscribe the mortgage and ordered that it be canceled and erased from the mortgage records of Concordia Parish, the plaintiff has appealed.[1]
The facts are not in dispute. Plaintiff is the holder of the defendant's note which was executed on November 5, 1964, and is paraphed for identification with the mortgage affecting property in Concordia Parish. The mortgage is also dated November 5, 1964, and it was recorded originally in the mortgage records of that parish on November 9, 1964. It was not reinscribed until September 1, 1976. In the meantime, on February 26, 1965, the defendant conveyed the property to a third party. The latter was not joined as a defendant and he has not intervened in this suit.
*606 The defendant has neither appealed nor answered plaintiff's appeal. Therefore, the sole issue before this court is whether the trial court erred in determining that the mortgage was unenforceable and ordering its cancellation and erasure from the mortgage records.
Under La.Civil Code Article 3369 the "effect of the registry" of mortgages "ceases in all cases, even against the contracting parties, if the inscriptions have not been renewed within ..." ten years in the present case.
In Brookshire v. Broussard, 326 So.2d 893 (La.App. 3 Cir. 1976), this court applied the article in a somewhat similar situation. In that case the plaintiff instituted suit against the heirs of Thurman Broussard, deceased, for amounts allegedly due him on two promissory notes executed by the decedent and for judgment recognizing a special mortgage securing the note. The defendants filed an exception of peremption alleging the special mortgage had perempted and was no longer enforceable because of plaintiff's failure to reinscribe it timely. The mortgage was recorded originally in the mortgage records on October 17, 1961, and reinscribed on September 4, 1974. A third party, Lormand Construction Co., had purchased the property under warranty deed on July 1, 1974. Lormand intervened in the suit and also filed an exception of peremption, based substantially on the same grounds as urged by the defendants. This Court said:
"We agree with the trial court that the effect of the registry of this mortgage ceased, even against the contracting parties, on October 16, 1971, because of the failure of plaintiff to renew the inscription of that mortgage within ten years, as provided by LSA-C.C. art. 3369. For that reason we find no error in that part of the judgment of the trial court which orders that the original inscription of the mortgage on October 17, 1961, and the reinscription of that mortgage on September 4, 1974, be cancelled and erased from the mortgage records of Vermilion Parish."
Brookshire differs from the situation presently before the court in that the third party purchaser there acquired the property after the mortgage had perempted. However, we do not believe this difference is of any significance. While the subject mortgage was recorded and in effect when the defendant sold the property on February 26, 1961, under codal article 3369 the effect of the registry ceased as to this third party purchaser when the plaintiff failed to renew the inscription within ten years from the date of the obligation.
In discussing the failure to reinscribe a mortgage in accordance with article 3369, Professor Ralph Slovenko says at page 881 in his Treatise on Creditor's Rights under Louisiana Civil Law:
"The article provides that the effect of the registry ceases, even against the contracting parties, if the inscriptions have not been renewed within the prescribed time periods. Since the effect of registry is notice to third parties, it would follow that the right of the mortgagee to follow the property into the hands of a third person would thus cease. This right of pursuit is one of the major characteristics of the mortgage as a security device; thus, failure to reinscribe might be considered a practical, if not legal extinction of the mortgage. However, the mortgagee, in the absence of a competing third party, would still have the right of the relatively convenient method of execution provided by the device of mortgage."
For the foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant's costs.
AFFIRMED.
NOTES
[1] The defendant expressly waived prescription as to the promissory note on April 30, 1973.