EDWARDS, Judge.
This action commenced as a concursus proceeding invoked by American Fire and Indemnity Company to determine each claimant’s legitimate portion to the fire insurance policy proceeds it deposited into the registry of the court. The claimants to the $60,000.00 deposit are Jerry Morgan, the insured, Citizen’s National Bank, the first mortgagee, and First Guaranty Bank, the second mortgagee.
On September 26, 1982, a fire completely destroyed Jerry Morgan’s house, which was insured by American. The Morgan’s homeowners policy listed Citizen’s and First Guaranty as the loss payees. Citizen’s and First Guaranty each claimed that it should be paid in preference to the other from the insurance proceeds. Since there was not enough money to satisfy the total amount of their claims, American instituted this concursus proceeding. The trial court ranked the mortgages in accordance with the general principles of security devices and rendered judgment in favor of the two mortgagees and against Jerry Morgan and Katy Merrill Walker Morgan. The Morgans appealed, alleging that the trial court erred in not applying the general principles of insurance law in determining the ratable distribution of the insurance proceeds. The Morgans also contend that the court erred in awarding attorney’s fees to First Guaranty. We affirm in part and reverse in part.
In the proceedings below, First Guaranty claimed it was due a total amount of $38,-344.42, including interest, attorney’s fees, and penalties. It held two mortgage notes as security, the first for $20,000.00 dated January 30, 1980, and the second for $10,-000.00 dated December 4, 1980. The total amount sought to be recovered by Citizen’s was $71,859.97. The hand note it held was secured by two mortgage notes, one dated June 30, 1972, in the amount of $20,000.00, and the other for $15,000.00 dated October 3, 1978. Citizen’s claimed in its answer that it was entitled as first mortgagee to be paid in full the balance due on its hand note.
First Guaranty stipulated that its two mortgages on the Morgan’s property were primed by the October, 1978, mortgage held by Citizen’s. It argued, however, that the June, 1972, mortgage executed in favor of Citizen’s had lost its rank since Citizen’s had failed to have it reinscribed within ten years as required by law. LSA-C.C. art. 3369. Citizen’s contended that insurance law controlled the outcome of this case. It argued that the court should interpret the insurance contract in the manner intended by the insured, Jerry Morgan. Finally, Citizen’s argued that while Mr. Morgan could not affect the ranking of the mortgages, he was free to direct the allocation of the insurance proceeds under his own policy. Mr. Morgan testified it was his intention that Citizen’s be paid first from the insurance proceeds.
The trial court correctly concluded that the general principles of security devices controlled in this case and the June, 1972, mortgage held by Citizen’s was unenforceable because it had not been rein-scribed within the appropriate time limit established by law. According to LSA-C.C. art. 3369, if a mortgage is not rein-scribed within ten years of the date the obligation was incurred, it is unenforceable and subject to cancellation and erasure from the mortgage records. See Delta Security Bank & Trust Co. v. Byrnes, 415 So.2d 605 (La.App. 3d Cir.1982); Brookshire v. Broussard, 326 So.2d 893 (La.App. 3d Cir.1976).
The trial court also allowed First Guaranty to recover the attorney’s fees provided for in the mortgages it held, relying on Harvey v. Thomas, 239 La. 510, 119 So. 2d 446 (1960). This reliance was misplaced. In Harvey, the court granted attorney’s fees in an interpleader action to an attorney who had instituted collection proceedings to enforce a prior judgment awarding him attorney’s fees. In the instant case, First Guaranty did not initiate collection nor did it hire an attorney to *322 begin collection proceedings. It simply hired an attorney to make a claim on the funds American deposited with the court.
Attorney’s fees are generally recoverable only where specifically authorized by statute or contract. In the instant case, the award of attorney’s fees is authorized by neither. This concursus proceeding involves an insurance contract between American and Mr. Morgan. The insurance policy does not authorize the payment of attorney’s fees to First Guaranty.
First Guaranty relies on the language in the mortgages executed in its favor by the Morgans as authority for its recovery of attorney’s fees. The contracts provide for the payment of attorney’s fees in the event the notes are placed in the hands of an attorney for collection. In this instance, First Guaranty did not initiate collection proceedings against the Morgans. First Guaranty waited until American instituted this concursus proceeding to make a claim for the funds owed to it. If the parties had intended that legal fees be recoverable in these circumstances, explicit language to that effect could have been written into the contract. Accordingly, we find that the trial court erred in awarding attorney’s fees to First Guaranty.
AFFIRMED IN PART, REVERSED IN PART.