MONTIEL, Judge.
The appellant, James Gerald Harvey, was indicted for first degree robbery, in violation of § 13A-8-41, Code of Alabama 1975. The jury found him guilty as charged in the indictment. The appellant was sentenced to life imprisonment and was ordered to pay a $20,0000 fine, $10,000 to the Victims’ Compensation Fund, and attorney fees.
The appellant had filed a motion to suppress evidence seized during a search of his automobile and the trial court denied the motion. The only issue raised in this appeal is whether the arresting officer’s investigatory stop of the appellant was supported by a reasonable suspicion, allowing the items seized in the subsequent search into evidence at trial.
The facts established at trial tended to show the following: A robbery occurred at a grocery store located at 722 Glen Avenue in Auburn, Alabama shortly before the store closed for the night. Chris Murray, a police officer for the City of Auburn, responded to a police radio dispatch regarding the robbery. The dispatcher informed him that the suspect looked foreign, had long black hair, was wearing a black jacket and “salt and pepper” jeans, and was last seen leaving the grocery store on foot, travelling toward downtown Auburn.
Officer Murray was in the area at the time of the dispatch. He immediately proceeded on Glen Avenue to the grocery store. Another patrol car was in front of Officer Murray’s car. As the patrol car ahead of Officer Murray’s neared a residence on Glen Avenue, Officer Murray observed a red Firebird automobile in the driveway in the driveway begin to back out. As the other patrol car neared the driveway, the Firebird stopped and pulled forward. Officer Murray shined a spotlight on the vehicle in an effort to identify the occupants. However, the windows were tinted and it was dark outside so Officer Murray could not identify the occupants. Thereafter, he parked his vehicle behind the Firebird and turned on the blue lights in his patrol car.
Officer Murray got out of his car and the appellant rolled down the passenger’s side window. Officer Murray observed that the appellant generally matched the description of the robber given by the dispatcher. Officer Murray also noticed that the Firebird *32 had a Florida license plate, but had no Auburn student sticker. Officer Murray ordered the appellant to get out of the vehicle and he then searched the appellant. He found $6,760 in cash in the appellant’s jacket pocket and a gun under the passenger’s seat of the car was found by another officer. Shortly thereafter, the individuals working at the grocery store when it was robbed identified the appellant as the person who had l'obbed the store.
The appellant argues that, when he was stopped by Officer Murray, Officer Murray did not have sufficient facts from which he could form a reasonable suspicion that the appellant had committed the crime. We disagree.
According to Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968), even though there exists no probable cause to make an arrest, an officer may make an investigatory stop if he has a reasonable suspicion that a crime has been or is about to be committed. A reasonable suspicion is a “ ‘less demanding standard than probable cause.’ ” Arnold v. State, 601 So.2d 145, 149 (Ala.Crim.App.1992) (quoting Alabama v. White, 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301 (1990)); Harris v. State, 568 So.2d 421 (Ala.Crim.App.1990). Moreover, whether a reasonable suspicion existed at the time of the investigatory stop must be determined from the totality of the circumstances known to the officer at that time. Arnold, 601 So.2d at 149. The reasonable suspicion standard requires the officer to have specific, articulable, and particularized reasons, which, in conjunction with rational inferences from the facts, suggest the person stopped may be involved in criminal activity. Spradley v. State, 414 So.2d 170, 173 (Ala.Crim.App.1982).
Here, Officer Murray had sufficiently specific, articulable specific reasons for the investigatory stop. He had just been notified that a robbery occurred at a grocery store, one-half block from where he first noticed the appellant’s vehicle. In Arnold, supra, this court held that a recently reported crime, coupled with other relevant circumstances, can establish a reasonable suspicion. The circumstances that Officer Murray observed at the time of the investigatory stop, along with the recently reported crime, provided him with a reasonable suspicion. Officer Murray observed that the appellant’s vehicle stopped backing out of the driveway and pulled forward when a police vehicle approached. The driveway from which the vehicle was backing out was less than a block away from the robbery. The vehicle had an out-of-state tag and no sticker to indicate that it belonged to an Auburn student. The vehicle had dark, tinted windows. These facts, when considered in totality, establish a reasonable suspicion.
Once the appellant rolled down the window, Officer Murray observed that the appellant generally matched the description of the person who had robbed the store. Thus, Officer Murray was justified in searching the appellant’s outer clothing for concealed weapons. Hickman v. State, 548 So.2d 1077 (Ala.Crim.App.1989) (citing Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); Terry). When Officer Murray determined that the appellant matched the description of the person who had robbed the store, he had probable cause to arrest the appellant. He also knew that the perpetrator of the robbery was armed. Therefore, the search and seizure conducted by the officer were proper since he had probable cause under the totality of the circumstances. Landreth v. State, 600 So.2d 440, 444 (Ala.Crim.App.1992).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
PATTERSON and McMILLAN, JJ., concur.
BOWEN, P.J., dissents with opinion in which TAYLOR, J., joins.