# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

———————————

m 00-31272

———————————

GENERAL FINANCIAL SERVICES, INC.,

> Plaintiff-
> Counter Claimant-
> Appellant,

VERSUS

JIMMY C. THOMPSON, ET AL.,

> Defendants,

NORTH AMERICAN CONSTRUCTORS, INC.,

> Counter Defendant-
> Appellee.

———————————————

NORTH AMERICAN CONSTRUCTORS, INC.,

> Plaintiff-
> Counter Defendant-
> Appellee,

VERSUS

GENERAL FINANCIAL SERVICES, INC.,

> Defendant-
> Counter Claimant-
> Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
(98-CV-416)

June 4, 2001

Before SMITH, DUHÉ, and WIENER,
    Circuit Judges.

PER CURIAM:[*]

General Financial Services, Inc. ("General"), appeals a summary judgment declaring two mortgages held by North American Constructors, Inc. ("Constructors") superior to those assigned to General by the Federal Deposit Insurance Corporation ("FDIC"). It is undisputed that General's mortgages were originally registered before Constructors's; in light, however, of the FDIC's failure timely to reinscribe the mortgages under LA. CIV. CODE ANN. art. 3369,[1] the court properly found that Louisiana law effected a re-ranking of the mortgages. *See Alexander*, 621 So. 2d at 31.

General argues that provisions of the

Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), codified in pertinent part at 12 U.S.C. §§ 1821(d)(13)(C) and 1825(b),[2] exempt the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Article 3369 was repealed in 1992. Because it was in force at the time General's mortgages were originally registered, however, it governs the reinscription requirements. *Sec. Nat'l Trust v. Alexander*, 621 So. 2d 30, 31 (La. App. 2d Cir.), *writ denied*, 629 So. 2d 30 (La. 1993).

[2] Section 1821(d)(13)(C) states that, when the FDIC is acting as receiver, "[n]o attachment or execution may issue by any court upon assets in the possession of the receiver"; § 1825(b) provides:

When acting as a receiver, the following provisions shall apply with respect to the Corporation:

(1) The Corporation including its franchise, its capital, reserves, and surplus, and its income, shall be exempt from all taxation imposed by any State, county, municipality, or local taxing authority, except that any real property of the Corporation shall be subject to State, territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed, except that, notwithstanding the failure of any person to challenge an assessment under State law of such property's value, such value, and the tax thereon, shall be determined as of the period for which such tax is imposed.

(2) No property of the Corporation shall be subject to levy, attachment,
(continued...)

FDIC—and General, as its assignee—from Louisiana's reinscription requirements and thus prohibit Louisiana from re-ranking the mortgages. As this court recently stated, however, § 1825(b) does not exempt the FDIC from Louisiana's reinscription requirements:

> FIRREA does not preclude the application of Louisiana reinscription law to the FDIC's property. Nothing in FIRREA prevents Louisiana law from recognizing either the FDIC's obligation to reinscribe mortgages or the loss of ranking suffered by the FDIC if it fails to meet this obligation.

*FDIC v. McFarland*, 243 F.3d 876, 886 (5th Cir. 2001). Moreover, even assuming § 1821-(d)(13)(C) protects the FDIC from Louisiana's requirements, "no authority supports the proposition that section 1821(d)(13)(C) creates assignable rights." *Id.* at 887 n.42.

We find no basis for distinguishing *McFarland*. The judgment is AFFIRMED.

---

[2](...continued)

> garnishment, foreclosure, or sale without the consent of the Corporation, nor shall any involuntary lien attach to the property of the Corporation.

(3) The Corporation shall not be liable for any amounts in the nature of penalties or fines, including those arising from the failure of any person to pay any real property, personal property, probate, or recording tax or any recording or filing fees when due.